895 F.2d 1422
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J.F. WHALEN & COMPANY, Appellant,
v.
THE UNITED STATES, Appellee.
 No. 89-1359.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1990.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 J.F. Whalen & Company (Whalen or contractor) appeals decisions of the Board of Contract Appeals of the United States Department of Agriculture, AGBCA Nos. 83-160-1 and 83-281-1, 88-3 BCA p 21,066 (August 5, 1988). Reconsideration was denied on November 22, 1988, AGBCA No. 88-261-1. We affirm.
 
 OPINION
 
 2
 In 1982 Whalen entered into a contract with the Forest Service, United States Department of Agriculture, for road construction in the Flathead National Forest in Montana. The roads are identified as 5277 and 5279. The contracting officer terminated the contract on the basis of Whalen's failure to complete road 5279 on time and for failure to make satisfactory progress on road 5277. The work was completed by Whalen's surety to whom the contractor is indebted. Whalen's five claims total $101,099.29.
 
 
 3
 Whalen claimed that its difficulties were due to differing site conditions, problems with metal pipe used for culverts, unusually severe weather conditions, reconstruction work, and dispute over the amount of work and the government's own claims. The latter pertained to amounts the government deducted from sums otherwise due the contractor which the government incurred by reason of the contractor's failure to do work required by the contract. The board did not find that all of the government's claims could be sustained, and ultimately awarded Whalen $9,957.57.
 
 
 4
 In a careful, detailed manner the administrative judges reviewed all claims and concluded that Whalen was not entitled to any equitable adjustment other than as indicated here and that nothing had been proved in the way of excusable delay which would have enabled the contractor to complete the roads on time. Accordingly, it was determined that the termination for default was proper and not excusable. On motion for reconsideration Whalen sought to reweigh the evidence and reargued its position, raising some arguments that could have been made in the original proceedings.
 
 
 5
 We have carefully reviewed the long hearing record (over 1,200 pages) to see if substantial evidence supports the administrative decisions. We think it does. This makes the AGBCA decision final on questions of fact absent proof that convinces us that the decision was fraudulent, arbitrary, capricious or so grossly erroneous as to imply bad faith. These are the limits of our review on appeals brought here under the Contract Disputes Act. See 41 U.S.C. Sec. 609(b) (1982).
 
 
 6
 Board decisions on issues of law are not final. Hence, in this well-briefed and well-argued case Whalen contends there is a procedural irregularity which subsumes all questions of substantial evidence and vitiates the board decision as a matter of law. In summary, it is contended that the administrative judge who heard the evidence in May 1984 never did rule on the case. Instead, years later, in August 1988, another administrative judge did so. His opinion was concurred in by two other members of the board. It is argued that much of this case turns on the credibility of witnesses, and the second administrative judge, by attempting to decide this on a cold record without seeing the witnesses, could not, in effect, afford Whalen due process.
 
 
 7
 These charges of irregularity do not raise a serious issue because in administrative law it is now long-settled that the hearing judge need not write the opinion and make the final decision, provided that the one who ultimately makes the decision has considered the evidence.
 
 
 8
 In Morgan v. United States, 298 U.S. 468, 481-82 (1936), the Court considered a procedure by which the Secretary of Agriculture was authorized to fix certain market rates. The Court said that the general recognized rule is that "[t]he one who decides must hear."
 
 
 9
 This necessary rule does not preclude practical administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them. That duty undoubtedly may be an onerous one, but the performance of it in a substantial manner is inseparable from the exercise of the important authority conferred.
 
 
 10
 Here it cannot credibly be contended that this test was not met. The administrative judge who decided the case wrote a 41-page, single-spaced opinion demonstrating beyond any reasonable doubt that he was thoroughly familiar with the record amassed by the one who received the evidence.
 
 
 11
 The United States Court of Claims, one of our predecessor courts, followed the rule that where it was necessary for a trial judge to decide a case heard by another, he must have considered all evidence carefully, Ordnance Research, Inc. v. United States, 609 F.2d 462, 473 (Ct.Cl.1979); Tri-Cor, Inc. v. United States, 458 F.2d 112, 116-17 (Ct.Cl.1972); Sternberger v. United States, 401 F.2d 1012, 1017 (Ct.Cl.1968); Sundstrand Turbo v. United States, 389 F.2d 406, 410 (Ct.Cl.1968) ("in the absence of a rule compelling the Board's decision to be rendered by the presiding member there is no such requirement"); Anthony P. Miller, Inc. v. United States, 161 Ct.Cl. 455, 474, n. 11 (1963) ("Without merit is plaintiff's contention that the ASBCA decision is invalid because the member who heard the evidence did not decide the case. There is no applicable rule stating that the board decision must be rendered by the individual who presided at the hearing. See Racine Screw Co. v. United States, 156 Ct.Cl. 256, 258 (1962)."). Finally, the test must be whether the evidence, considering the record as a whole, is sufficient to be found by a reasonable factfinder to meet the evidentiary burden applicable to the particular case. Jackson v. Veterans Administration, 768 F.2d 1325, 1330 (Fed.Cir.1985). Credibility was an issue in the present factfinding but it was not the only issue.
 
 
 12
 Upon the record as a whole the final decision reached was correct and is affirmed.